UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| A.R.Y.L.L.R., | Civil No. 07-4517 (DSD/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| BAOMIN LIANG, YUPING SHI, SHAOJIE SHI, and JOHN AND JANE DOES, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on the application of Paul Maas Risenhoover for leave to proceed in forma pauperis, ("IFP"). The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that the IFP application be denied, and that this action be dismissed.

**I. BACKGROUND**

Paul Maas Risenhoover is attempting to bring this action on behalf of his minor son, A.R.Y.L.L.R. According to the complaint, (Docket No. 1), A.R.Y.L.L.R.'s greatgrandmother, Shuqing An, was a Chinese citizen, who was living in Oklahoma in 1990. On or about August 3, 1990, some of Shuqing An's relatives allegedly decided to take her to Canada. While she was in Canada, her health deteriorated, and she was then moved to Beijing, China. After returning to China, Shuqing An was placed in the "custody and supervision" of her son, Defendant Shaojie Shi. Shortly thereafter, Shuqing An died.

Paul Maas Risenhoover, purportedly acting on behalf of his son and the estate of Shuqing An, is now attempting to sue Shaojie Shi for "wrongful death." He is also

attempting to sue Baomin Liang, who allegedly was a member of the "Chinese Political Consultative Conference," "at the Beijing municipal level." (Complaint, [Docket No. 1], p. 2.) The complaint alleges that the Chinese Political Consultative Conference "teaches and practices many things which devalue the sanctity of life." (Id.) The caption of the complaint indicates that claims are also being brought against "John and Jane Does" who are described as being "Doctors and Nurses in Beijing, China," as well as a person named Yuping Shi, who is not otherwise identified (or even mentioned) in the substantive allegations of the complaint.

Based on the allegations set forth in the complaint, it clearly appears that none of the named Defendants, (with the possible exception of Yuping Shi[1]), are residents of the State of Minnesota.[2]  Furthermore, there are no allegations suggesting that any of the claims against any of the named Defendants are based on any events that occurred in Minnesota. To the contrary, it clearly appears that all of the events described in the complaint occurred outside of Minnesota. It is therefore necessary and appropriate for the Court to consider whether there is any proper basis for exercising personal jurisdiction over any of the named Defendants here in the District of Minnesota.

---

[1] Even if Yuping Shi were a resident of Minnesota, (an assumption that is contradicted by every reasonable inference that can be drawn from the complaint), this case still would have to be dismissed, because the complaint does not state a cause of action against Yuping Shi. As noted in the text, Yuping Shi is not even mentioned in any of the substantive allegations of the complaint, so the complaint obviously does not state any actionable claim against him or her. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (IFP application will be denied and claims will be dismissed when an IFP applicant files a complaint that fails to state a claim on which relief may be granted).

[2] The complaint includes a conclusory allegation that Defendants "reside in this district," (Complaint, p. 3), but that allegation is simply not credible, in light of all of the other allegations in the complaint, which clearly indicate that Defendants are residents of China.

## II. DISCUSSION

A two-step analysis is used to determine whether a court can properly exercise personal jurisdiction over a non-resident defendant. Northrup King v. Compania Productora Semillas, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the court must consider whether personal jurisdiction can properly be exercised under the state law of the forum state; more specifically, whether jurisdiction exists under the state's "long-arm statute." Id. "Second, the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment." Id. "Minnesota [state] courts have concluded that if a non-resident's contacts with [the] State satisfy due process, the Minnesota long-arm statute also is satisfied." Id. The dispositive issue, therefore, is whether this Court can exercise personal jurisdiction over the named Defendants without violating the protections afforded by the due process clause.

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." Id., citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "'should reasonably anticipate being haled into court there.'" Northrup King, 51 F.3d at 1387, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 297 (1980).

In this case, the complaint does not describe any contact or connection of any kind between any of the named Defendants and the State of Minnesota. Therefore, the Court can find no proper basis for exercising personal jurisdiction over any of the named Defendants.

When an IFP applicant's complaint does not include any allegations supporting

personal jurisdiction, the court may properly conclude, sua sponte, that the action should be summarily dismissed.  Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985); see also, Martin-Trigona v. Smith, 712 F.2d 1421, 1424 (D.C.Cir. 1983).  In this case, the complaint plainly fails to show any facts that would allow the United States District Court for the District of Minnesota to exercise personal jurisdiction over any of the named Defendants.  The Court will therefore recommend that this action be summarily dismissed.[3]  Having determined that the action should be dismissed, the Court will further recommend that the pending IFP application be denied.  Sanders, supra; 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Paul Maas Risenhoover's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2.  This action be dismissed.


Dated:    November 14, 2007

  s/ Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 29, 2007** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture

---

[3]  Because the Court has determined that this action must be summarily dismissed for lack of personal jurisdiction over Defendants, there is no need to discuss the other obvious defects in the complaint, which include, (most notably), (1) the doubtful standing of Paul Maas Risenhoover to bring this action on behalf of his son and the estate of Shuqing An, (2) the complete absence of any factual allegations showing that any of the named Defendants actually caused the death of Shuqing An, and (3) the obvious untimeliness of this action.

4

of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.